UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

XIULING CAI,

    *Plaintiff*,

v.

UNITED STATES OF AMERICA,

    *Defendant*.

Civil Action No. 24 - 2688 (LLA)

## MEMORANDUM OPINION AND ORDER

In September 2024, Plaintiff Xiuling Cai, proceeding pro se, filed a 436-paragraph, 181-page complaint with 79 pages of exhibits that raises twelve claims against the United States. ECF No. 1. Ms. Cai alleges various causes of actions under the Constitution; the Federal Tort Claims Act ("FTCA"); and 28 U.S.C. § 2671 *et seq. Id.* ¶ 1, 279-436. She seeks monetary damages and various forms of equitable relief. *Id.* at 178-81. She has also brought a separate case against the United States and several other defendants that stems from the same operative facts as the complaint here. *See* Am. Compl., *Cai v. United States of America*, No. 23-CV-2235 (D.D.C. July 3, 2024) ("*Cai I*"), ECF No. 35.

The United States moves to dismiss Ms. Cai's complaint under Federal Rules of Civil Procedure 8(a)(2), 12(b)(1), and 12(b)(6). ECF No. 10. The matter is now fully briefed. ECF Nos. 10, 15, 17. Ms. Cai moves for leave to file an amended opposition to the United States' motion to dismiss, ECF Nos. 20, 22, 29, 32, which the United States opposes, ECF Nos. 21, 23. For the reasons that follow, the court will dismiss the non-FTCA portions of Ms. Cai's complaint

on claim-splitting grounds, dismiss the FTCA claims under Rule 8, and deny as moot the United States' motion to dismiss and Ms. Cai's motions for leave to file an amended opposition.

## I.     LEGAL BACKGROUND

### A.     Administrative Exhaustion Under the FTCA

"The FTCA waives the sovereign immunity of the United States and 'allows a plaintiff to bring certain state-law tort suits against the Federal Government.'" *Lamb v. Millenium Challenge Corp.*, 573 F. Supp. 3d 346, 356 (D.D.C 2021) (quoting *Brownback v. King*, 592 U.S. 209, 210 (2021)). A plaintiff, however, cannot bring an FTCA claim in a federal court unless she has "first exhausted h[er] administrative remedies," *McNeil v. United States*, 508 U.S. 106, 107 (1993), which involves "present[ing] [a] claim to the appropriate Federal agency" and receiving the agency's final denial in writing, 28 U.S.C. § 2675(a). To present a claim, a person must submit "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a) (2024). Binding precedent considers the exhaustion requirement to be jurisdictional. *Rasul v. Myers*, 563 F.3d 527, 528 n.1 (D.C. Cir. 2009); *Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997). And pro se litigants in this context "are held to the same standard as litigants with counsel." *Youmans v. Fed. Motor Carrier Safety Admin.*, No. 21-CV-1381, 2022 WL 2982453, at *3 (D.D.C. July 28, 2022).

Neither the Supreme Court nor the D.C. Circuit has weighed in on "whether a plaintiff who fails to exhaust h[er] FTCA administrative remedies before bringing suit, but exhausts while the case is pending, can cure the jurisdictional defect in h[er] original complaint by filing an amended or supplement[al] complaint that adds the intervening jurisdictional allegations." *Lamb*, 573 F. Supp. 3d at 359-60. Most courts to consider the question have held that remedying the defect

through amendment would nullify the exhaustion requirement, so a plaintiff instead "must file a new suit." *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) (quoting *Sparrow v. U.S. Postal Serv.*, 825 F. Supp. 252, 255 (E.D. Cal. 1993)); *see Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 417-18 (6th Cir. 2024); *Manchanda v. Lewis*, No. 21-CV-1088, 2021 WL 5986877, at *5 n.3 (2d Cir. Dec. 17, 2021); *Lamb*, 573 F. Supp. 3d at 362-63 (collecting cases). *But see Mackovich v. United States*, 630 F.3d 1134, 1136 (8th Cir. 2011) (per curiam) (holding that the plaintiff "abandoned his initial claim and commenced an entirely new action" by filing an amended complaint with FTCA claims based on new conduct). Others have distinguished a plaintiff's premature *FTCA action*—for which amendment to cure a jurisdictional defect is prohibited—from when a plaintiff amends a *non-FTCA suit* to include FTCA claims once she has exhausted her administrative remedies. *D.L. ex rel. Junio v. Vassilev*, 858 F.3d 1242, 1246 (9th Cir. 2017); *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 856 (9th Cir. 2011); *Williams v. Dixon*, No. 22-CV-753, 2024 WL 1091804, at *1 (D.D.C. Mar. 13, 2024).

### B.     Claim-Splitting

"[A] party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so . . . ." *Alford v. Providence Hosp.*, 60 F. Supp. 3d, 118, 124-25 (D.D.C. 2014) (quoting *SBC Commc'ns Inc. v. Fed. Commc'ns Comm'n*, 407 F.3d 1223, 1230 (D.C. Cir. 2005)). Typically, that principle is enforced through claim preclusion, or res judicata, which "bars a subsequent lawsuit if there has been prior litigation '(1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final valid judgment on the merits, (4) by a court of competent jurisdiction.'" *Id.* at 125 (quoting *Alaska Forest Ass'n v. Vilsack*, 883 F. Supp. 2d 136, 141-42 (D.D.C. 2012)). An analogous

3

doctrine—claim-splitting—operates when the first litigation remains pending and the lack of a final merits judgment renders claim preclusion inapplicable.

"Claim-splitting obliges a plaintiff to 'assert all . . . causes of action arising from a common set of facts in one lawsuit.'" *Steele v. United States*, 144 F.4th 316, 324 (D.C. Cir. 2025) (alteration in original) (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011)). "To determine whether a plaintiff is claim-splitting, [t]he proper question is whether, assuming the first suit was already final, the second suit would be precluded under res judicata analysis." *Hudson v. Am. Fed'n of Gov't Emps.*, 308 F. Supp. 3d 388, 394 (D.D.C. 2018) (alteration in original) (quoting *Clayton v. District of Columbia*, 36 F. Supp. 3d 91, 94 (D.D.C. 2014)). And the first prong of the res judicata analysis, concerning the causes of action at issue, "turns on whether [the two actions] share the same 'nucleus of facts.'" *Steele*, 144 F.4th at 324-25 (quoting *Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002)). "[C]ourts consider 'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *Id.* at 325 (quoting *Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 217 (D.C. Cir. 2004)). Finally, claim-splitting applies "not only to claims that were actually litigated, but also to those that should or could have been." *Id.*

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Ms. Cai filed her *Cai I* complaint in August 2023. Compl., *Cai I*, No. 23-CV-2235 (D.D.C. Aug. 2, 2023), ECF No. 1. At that time, she had not yet presented a Standard Form 95 to any federal agency. ECF No. 1 ¶ 42 (noting her submission on September 20, 2023). Ms. Cai thus did not raise FTCA claims in her initial pleading. Compl. ¶¶ 240-539, *Cai I*, No. 23-CV-2235

4

(D.D.C. Aug. 2, 2023), ECF No. 1.  *Cai I* was directly reassigned to the undersigned in December. Dec. 14, 2023 Docket Entry, *Cai I*, No. 23-CV-2235.

When seeking leave to file an amended complaint in *Cai I*, Ms. Cai indicated that she "plan[ned] . . . to include [FTCA] causes of action."  Mot. for Extension of Time at 4-5, *Cai I*, No. 23-CV-2235 (D.D.C. May 2, 2024), ECF No. 33.  She reversed course, however, and omitted her FTCA allegations in the amended complaint out of concern that "a premature [FTCA] complaint cannot be cured through amendment" and instead requires "a new suit."  Mot. for Leave to File Am. Compl. at 4 n.1, *Cai I*, No. 23-CV-2235 (D.D.C. July 1, 2024), ECF No. 34 (alteration in original) (quoting *Duplan*, 188 F.3d at 1199).

The *Cai I* amended complaint, filed on July 3, 2024, named as Defendants the United States of America, U.S. Secret Service, U.S. Department of State, U.S. Department of Justice, former President Joe Biden, former Secretary of State Antony Blinken, former Attorney General Merrick Garland, various executive officials and federal law enforcement officers, the District of Columbia, Metropolitan Police Department ("MPD"), individual MPD officers, and Inter-Con Security Systems, Inc., a State Department contractor.  Am. Compl. ¶¶ 15-24, *Cai I*, No. 23-CV-2235 (D.D.C. July 3, 2024), ECF No. 35.  It spanned 606 paragraphs and 245 pages, *see generally id.*, and raised violations of the "First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983, 1985, 1986, D.C. Code § 22-3704, [a] *Bivens* action[,] and [several] . . . common law [claims]," *id.* ¶ 1.  Ms. Cai's allegations concerned her arrests, detentions, prosecutions, and a Freedom of Information Act ("FOIA") request—all related to her protest activity outside the Chinese Embassy.  *Id.* ¶¶ 3, 7, 35-179.

Almost three months after amending the complaint in *Cai I*, Ms. Cai filed this action and named the United States as the sole Defendant.  ECF No. 1 ¶ 62.  She brings twelve claims, ten of

5

which exclusively seek relief under the FCTA.  *See id.* ¶¶ 284 (Count I), 294 (Count II), 317 (Count III), 325 (Count IV), 334 (Count V), 351 (Count VI), 364 (Count VII), 400 (Count VIII), 430 (Count X), 436 (Count XII).  Count IX asserts both an FTCA claim and a violation of the D.C. Code.  *Id.* ¶¶ 401-422.  And Count XI asserts a general violation of the First, Fourth, Fifth, and Fourteenth Amendments and challenges the failure of various federal employees to return a banner that Ms. Cai had used in her protests.  *Id.* ¶¶ 431-433.

The facts underlying this complaint are identical to those in *Cai I*.[1]  In both complaints, Ms. Cai alleges three "malicious criminal prosecutions," four "false arrests," and five "false imprisonments" based on her protest activity near the Chinese Embassy.  ECF No. 1 ¶¶ 7-8; Am. Compl. ¶¶ 3, 7, *Cai I*, No. 23-CV-2235 (D.D.C. July 3, 2024), ECF No. 35.  The primary substantive difference between the two pleadings is that Ms. Cai here requests relief primarily under the FTCA.  *Compare* ECF No. 1 ¶¶ 279-400, 421, 423-430, 434-436 (alleging FTCA violations), *with* Am. Compl. ¶¶ 331-606, *Cai I*, No. 23-CV-2235 (D.D.C. July 3, 2024), ECF No 35 (raising statutory and constitutional claims).

On September 26, the court *sua sponte* dismissed Ms. Cai's amended *Cai I* complaint without prejudice for failure to comply with Rule 8.  It allowed her the "opportunity to file a [second amended] complaint that complies with [the] Rule 8 [requirements]."  Mem. Op. at 6,

---

[1] Indeed, Ms. Cai's second action largely repeats verbatim the *Cai I* amended complaint, with minor revisions to name the appropriate defendants and add the FTCA as a basis for relief. *Compare, e.g.*, ECF No. 1 ¶¶ 2, 7, 21-23, 34-35, 37, 75-227, 229-231, 233-240, 243-251, *with* Am. Compl. ¶¶ 2-6, 8, 10-11, 25-156, 161-187, 189-193, 276-283, *Cai I*, No. 23-CV-2235 (D.D.C. July 3, 2024), ECF No. 35.  At one of the only places where the instant complaint meaningfully differs, Ms. Cai directs the reader to *Cai I*.  *See* ECF No. 1 ¶ 253 (arguing that the "statute of limitations should be equitably tolled for the reasons [she] stated [in *Cai I*]" and then providing "a summary of the reasons" supporting her claim), *with* Am. Compl. ¶¶ 194-248, *Cai I*, No. 23-CV-2235 (D.D.C. July 3, 2024), ECF No. 35 (making a detailed argument about why the court should equitably toll the statute of limitations).

*Cai I*, No. 23-CV-2235 (D.D.C. Sep. 26, 2025).  The court further advised Ms. Cai that "if she files another 'unnecessarily lengthy' complaint, or one that repeats the other missteps [in her first amended pleading], [it] will dismiss the case with prejudice."  *Id.* (citation omitted) (quoting *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 418 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017)).

### III.    DISCUSSION
#### A.    The Non-FTCA Claims and Claim-Splitting

The United States contends that Ms. Cai is claim-splitting her non-FTCA claims between this case and *Cai I*.  ECF No. 10-1, at 4-6.  It argues that Ms. Cai's FTCA claims can proceed, if at all, in this action, because she did not administratively exhaust her remedies before filing the *Cai I* complaint, but it maintains that her non-FTCA claims should be dismissed as duplicative of the allegations in her first suit.  *Id.* at 4.  In response, Ms. Cai focuses only on her FTCA claims—arguing that, due to the exhaustion requirement, she could not have included them in *Cai I*.  ECF No. 15, at 3-5.

The court agrees with the United States' claim-splitting argument and will dismiss Ms. Cai's non-FTCA claims in this case because they were brought, or could have been brought, in *Cai I*.  Before it delves into Ms. Cai's discrete non-FTCA claims, the court observes that the complaint shares the same operative facts as *Cai I*, and had the court issued a merits judgment in *Cai I* before Ms. Cai filed this action, the non-FTCA claims would have been barred by claim preclusion.  The two cases are premised on the same alleged three malicious criminal prosecutions, four false arrests, and five false imprisonments stemming from Ms. Cai's protest activity near the Chinese Embassy.  ECF No. 1 ¶¶ 7-8; Am. Compl. ¶¶ 3, 7, *Cai I*, No. 23-CV-2235 (D.D.C. July 3, 2024), ECF No. 35.  Ms. Cai's complaint does not allege any new material facts regarding her

7

substantive claims that she omitted from the *Cai I* amended complaint. The two cases are thus premised on allegations that "are related in time, space, origin, [and] motivation." *Steele*, 144 F.4th at 325 (quoting *Apotex*, 393 F.3d at 217). That should come as no surprise, because Ms. Cai concedes that she filed a second action only to avoid having her FTCA claims dismissed for lack of pre-suit administrative exhaustion. Mot. for Leave to File Am. Compl. at 4 n.1, *Cai I*, No. 23-CV-2235 (D.D.C. July 1, 2024), ECF No. 34.

Aside from sharing the same factual nucleus, the claims in *Cai I* and the non-FTCA claims here target the same substantive wrongs. The only non-FTCA claims at issue are Count IX and Count XI, because, as much as the court can discern from Ms. Cai's unduly long complaint, Counts I through VIII, X, and XII raise claims exclusively under the FTCA. ECF No. 1 ¶¶ 279-400, 423-430, 434-436. Count IX seeks relief against the United States under the FTCA but also pursuant to D.C. Code § 22-3704 for Ms. Cai's "[p]rejudice-[m]otivated [i]njury." *Id.* ¶¶ 401-422. In *Cai I*, Ms. Cai brought a claim, also against the United States, under the same provision. Am. Compl., ¶¶ 497-519, *Cai I*, No. 23-CV-2235 (D.D.C. July 3, 2024), ECF No. 35. The only difference between the two is that here, Ms. Cai omits reference to the other *Cai I* defendants, briefly adds the FTCA as a basis for relief, and makes minor stylistic edits. *Compare id.*, *with* ECF No. 1 ¶¶ 401-422.

Count XI, on the other hand, requests declaratory and injunctive relief for two types of First, Fourth, Fifth, and Fourteenth Amendment claims—one concerning an unspecified and generic "violat[ion]," and another addressing the United States' failure to return her banner. ECF No. 1 ¶¶ 431-433. In *Cai I*, Ms. Cai brought a standalone First Amendment claim, also seeking declaratory and injunctive relief, which challenged (i) the State Department's failure to provide records she had requested under FOIA, (ii) the State Department's issuance of two five-year

barring notices from areas near the Chinese Embassy, (iii) the United States' practice of seeking, and other Defendants' practice of enforcing, stay-away orders to deprive her of the right to protest, and (iv) the Secret Service's, Justice Department's, and District of Columbia's practice of "deny[ing] citation release to peaceful protesters" who have been arrested. Am. Compl., ¶¶ 541-556, *Cai I*, No. 23-CV-2235 (D.D.C. July 3, 2024), ECF No. 35. And she brought a separate *Bivens* count for alleged Fourth Amendment violations premised on purportedly unlawful arrests and detentions. *Id.* ¶¶ 557-566. While the constitutional claims here are not plainly duplicative of those alleged in the *Cai I* amended complaint, they remain the same "claim[] or cause of action" for claim-splitting and claim preclusion purposes. *Steele*, 144 F.4th at 324 (quoting *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006)); *see El Tayieb v. Mayorkas*, 743 F. Supp. 3d 44, 57 (D.D.C. 2024) (explaining that "prior litigation involves the same claims . . . 'even if the latter action is predicated on a different legal theory'" (quoting *Harrison v. Fed. Bureau of Prisons*, 611 F. Supp. 2d 54, 62 (D.D.C. 2009))). What matters is that the claims are premised on identical facts and Ms. Cai "could have" raised the instant allegations in her earlier action but chose otherwise. *Steele*, 144 F.4th at 325.

No rule would have prohibited Ms. Cai from alleging Count IX's statutory claim or Count XI in *Cai I*. Accordingly, the court concludes that Ms. Cai's non-FTCA claims—raised against a defendant that was sued in *Cai I* and based on the same facts—are improperly split between two actions. The court will therefore dismiss the duplicative claims from this suit. *See Clayton v. District of Columbia*, 36 F. Supp. 3d 91, 96 (D.D.C. 2014). Mindful, however, of the court's obligation to construe Ms. Cai's pro se pleadings liberally, and in the interest of judicial economy, the court will permit her to include any non-FTCA claims from this action in her second amended *Cai I* complaint. But a word of caution is warranted. Consistent with the court's

9

treatment of her FTCA claims below, *see infra* Section III.B, and as the court has ruled in *Cai I*, Mem. Op. at 6, *Cai I*, No. 23-CV-2235 (D.D.C. Sep. 26, 2025), if Ms. Cai's second amended *Cai I* complaint fails to comply with Rule 8's demand for a short and plain statement seeking relief, the court will not hesitate to dismiss it with prejudice.

### B.     The FTCA Claims and Rule 8

Having concluded that Ms. Cai's non-FTCA allegations must be dismissed, the court turns to her FTCA claims, which make up eleven of twelve counts in the complaint. The court declines to decide the merits of the United States' Rule 12 motion to dismiss because Ms. Cai's pleading fails to meet Rule 8's notice-pleading requirements.

Rule 8(a) specifies that a complaint must include: (1) "a *short* and *plain* statement of the grounds for the court's jurisdiction," (2) "a *short* and *plain* statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3) (emphases added); *see* Fed. R. Civ. P. 8(d)(1) (requiring "simple, concise, and direct" allegations). These rules ensure that Defendants have "notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint that is "excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material," or one that "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments," fails to meet Rule 8's pleading standards. *Jiggetts*, 319 F.R.D. at 413 (quoting *T.M. v. District of Columbia*, 961 F. Supp. 2d 169, 174 (D.D.C. 2013)). And a court may dismiss a complaint that fails to adhere to the requirements of Rule 8 either upon a motion or *sua sponte*. *See* Fed. R. Civ. P. 41(b); *see also Ciralsky v. Cent. Intel. Agency*, 355 F.3d 661, 669 (D.C. Cir. 2004) (noting that "Rule 41(b) authorizes the court to dismiss either a

claim or an action because of the plaintiff's failure to comply with the Federal Rules"). Although filings by pro se litigants are held to less stringent standards than those drafted by lawyers, all litigants must follow the Federal Rules. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Here, Ms. Cai's amended complaint fails to meet the pleading standards of Rule 8.[2]

First, the complaint is neither "short" nor "plain." Fed. R. Civ. P. 8(a); *see Jiggetts*, 319 F.R.D. at 415 ("It is well established that '[un]necessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" (alteration in original) (quoting *Ciralsky*, 355 F.3d at 669)). Due to its length, "it is nearly impossible to discern the *essential* facts that underlie [Ms. Cai's] legal claims because of the excessively lengthy recitation of events and myriad seemingly irrelevant descriptions that are presented in [her] pleading." *Jiggetts*, 319 F.R.D. at 415.

"[M]yriad factual allegations are entirely divorced from the various legal claims that [Ms. Cai] asserts." *Id.* at 416; *see, e.g.*, ECF No. 1 ¶¶ 4, 6 (describing alleged "transnational repression" by China and "a battle for American people against Communist China"), 26-28 (alleging crimes against other protesters), 29-30 (comparing American and British officials' responses to Chinese protesters), 35-37 (quoting Ronald Reagan and the Bible and stating her belief that "God wants to win this war through me"), 48-61 (describing her family and educational history), 77-82 (discussing her political activity outside the District of Columbia), 85-132 (nearly fifty paragraphs of facts concerning the first case of "[p]ersecution" against her), 133-150 (almost

---

[2] The following analysis tracks the court's reasoning in its *Cai I* opinion. *See generally* Mem. Op., *Cai I*, No. 23-CV-2235 (D.D.C. Sep. 26, 2025). That is for good reason. Ms. Cai's complaint here fails to pass Rule 8 muster for the same reasons that her amended complaint did in her first action—largely because she copied that pleading almost word-for-word. *See supra* note 1.

twenty paragraphs concerning the second case of "[p]ersecution" against her), 151-202 (over fifty paragraphs concerning the third case of "[p]ersecution" against her), 244-251 (discussing "[r]elevant [s]tatistics" that are divorced from any counts in the complaint). "[U]nnecessary facts not only complicate the exercise of discerning the legal landscape, they also actively prevent Defendant[] from adequately raising certain defenses to the complaint." *Jiggetts*, 319 F.R.D. at 415. While the United States has tried to parse through Ms. Cai's various allegations, the court declines to entertain an overlength complaint.

Next, Ms. Cai devotes nearly thirty paragraphs in her complaint to preemptively addressing affirmative defenses. *See e.g.*, ECF No. 1 ¶¶ 252-260 (discussing equitable tolling), 261-270 (discussing absolute immunity), 271-277 (discussing qualified immunity). Because it is the United States' obligation to raise any applicable affirmative defenses, Ms. Cai should not address them in her complaint. *See Flying Food Grp. v. Nat'l Lab. Rels. Bd.*, 471 F.3d 178, 183 (D.C. Cir. 2006) ("[A] 'plaintiff is not required to negate an affirmative defense in his complaint[.]'" (quoting *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993))); *see also* 5 Charles Alan Wright et al., *Federal Practice and Procedure* § 1276 (4th ed. 2025) ("[A] plaintiff's complaint . . . contain[ing] allegations that seek to avoid or defeat a potential affirmative defense . . . is improper pleading because these allegations are not an integral part of the plaintiff's claim for relief and lie outside his or her burden of pleading."). If and when the United States raises any applicable affirmative defenses in response to a complaint that satisfies Rule 8, such as in an answer or a motion to dismiss, Ms. Cai will have the opportunity to respond.

Finally, after 134 pages and 278 paragraphs, Ms. Cai asserts twelve causes of action. ECF No. 1 ¶¶ 279-436. For all but one, Ms. Cai "reallege[s] and incorporate[s] by reference" every single paragraph that precedes it. *Id.* ¶¶ 279, 285, 295, 318, 326, 335, 352, 365, 401, 423, 431.

While that may be standard fare in an ordinary complaint, Ms. Cai's pleading fails to put the United States on notice of what precisely is being asserted. *See Jiggetts*, 319 F.R.D. at 416. Notwithstanding the incorporation by reference of nearly 300 paragraphs of allegations, at least one count cites various statutes but groups factual incidents together and strips out details that might "indicat[e] [which] of the particular allegations . . . correspond to the legal theories and claims that are alleged." *Id.* at 416; *see* ECF No. 1 ¶¶ 295-317 (Count III). Two others present legal conclusions coupled with a generalized factual summary based on multiple "occasions" or "incidents." *Id.* ¶¶ 318-325 (Count IV), 335-351 (Count VI). Another recites a distilled version of her entire factual narrative, even though the substantive claim concerns only malicious prosecution. *Id.* ¶¶ 326-334 (Count V). Her claim for intentional infliction of emotional distress references "four false arrests, five illegal imprisonments[,] and three malicious prosecutions," but otherwise states in conclusory fashion that the tort's elements are met. *Id.* ¶¶ 352-364 (Count VII). All told, the United States is left "gues[sing] at what factual allegations underpin" most of Ms. Cai's claims, *Jiggetts*, 319 F.R.D. at 416 (internal quotation marks omitted), because it is forced to make sense of countless averments that are either "unnecessary" or potentially relevant but unduly "lengthy and confusing," *Brown v. Dalton*, No. 96-5285, 1997 WL 362505, at *1 (D.C. Cir. May 5, 1997) (per curiam).

Courts have not hesitated to dismiss similar pleadings and suits under Rule 8(a). *See, e.g.*, *Kelleher v. Regan*, No. 23-CV-2756, 2023 WL 8600507, at *1 (D.D.C. Nov. 27, 2023) (dismissing complaint that "offer[ed] a 'rambling, disjointed, incoherent' discussion" (quoting *Jiggetts*, 319 F.R.D. at 413)); *Brown v. Wash. Metro. Area Transit Auth.*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016) (dismissing complaint *sua sponte*, after motions briefing, for being "unintelligible"); *Hamrick v. United States*, No. 08-CV-1698, 2009 WL 8747880, at *1

(D.D.C. Jan. 30, 2009) (dismissing suit because "[d]efendants should not be forced to spend time and energy in attempting to decipher plaintiff's utterly confusing and lengthy pleading").

The court will therefore dismiss Ms. Cai's FTCA claims without prejudice and allow her another opportunity to file a complaint that complies with Rule 8.  *See Ciralsky*, 355 F.3d at 668-69.  In her amended complaint in this case, Ms. Cai must raise only FTCA claims and "distill[] the facts [and legal theories] into a coherent recitation of essential information," rather than "load[] up [her] pleading with every conceivable detail that relate[s] to any and all aspects of [her claims]."  *Jiggetts*, 319 F.R.D. at 418.  Ms. Cai is advised that if she files another "unnecessarily lengthy" complaint, *id.* at 414, or one that repeats the other missteps described above, the court will dismiss the case with prejudice, *see Brown*, 164 F. Supp. 3d at 35 (warning the plaintiff that if he "file[d] an amended complaint that merely recycle[d] the complaint [that had been previously dismissed under Rule 8,] it may be dismissed with prejudice" (quoting *Hamrick v. United States*, No. 10-CV-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010))).

## IV.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Ms. Cai's non-FTCA allegations in her Complaint, ECF No. 1, are **DISMISSED**, but Ms. Cai may include them in her Second Amended Complaint in *Cai I*, No. 23-CV-2235.  It is further **ORDERED** that Ms. Cai's FTCA claims in her Complaint, ECF No. 1, are **DISMISSED** without prejudice, but Ms. Cai is granted leave to file an amended complaint that complies with Federal Rule of Civil Procedure 8 on or before October 27, 2025.  And it is further **ORDERED** that Defendant's Motion to Dismiss, ECF No. 10, and Ms. Cai's Motion for Leave to File Amended Opposition, ECF No. 20, Motion for Leave to File Second Amended Opposition, ECF No. 22, Motion for Leave to File Third Amended

Opposition, ECF No. 29, and Motion for Leave to File Fourth Amended Opposition, ECF No. 32, are **DENIED** as moot.

    **SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date:  September 26, 2025